IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EMILY BETH HICKS ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-00045-REL-SSA |
| ) | |
| CAROLYN COLVIN, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER REVERSING THE DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER CONSIDERATION

Plaintiff Emily Beth Hicks Allen seeks review of the final decision of the Commissioner of Social Security denying plaintiff's applications for disability benefits under Titles II and XVI of the Social Security Act ("the Act"). Plaintiff makes three arguments about the Administrative Law Judge's (ALJ) decision including the ALJ's failure to consider all of the evidence, including third- party observations and information. Because the ALJ did not consider the third-party observations, there is insufficient evidence to support his overall finding. Therefore, the decision of the Commissioner will be reversed and this case will be remanded for further consideration.

*I.*     *BACKGROUND*

On July 23, 2009, plaintiff protectively applied for disability benefits alleging that she has been disabled since December 15, 2008 (Tr. 212-20, 221-27). Plaintiff's disability is due to a combination of impairments (Tr. 253). Plaintiff's applications were denied on November 10, 2009 (Tr. 64-68). Hearings were held before the ALJ on March 16, 2011 (Tr. 45-58), July 25, 2011 (Tr. 59-64), and September 21, 2011 (Tr. 65-84). On October 11, 2011, the ALJ found that plaintiff was not under a "disability" as defined in the Act (Tr. 17-41). On December 3, 2012, the Appeals Council denied plaintiff's request for review (Tr. 1-6). Therefore, the decision of the

ALJ stands as the final decision of the Commissioner.

## II.     STANDARD FOR JUDICIAL REVIEW

Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner. The standard for judicial review by the federal district court is whether the decision of the Commissioner was supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000); Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997); Andler v. Chater, 100 F.3d 1389, 1392 (8th Cir. 1996). The determination of whether the Commissioner's decision is supported by substantial evidence requires review of the entire record, considering the evidence in support of and in opposition to the Commissioner's decision. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989). "The Court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." Wilcutts v. Apfel, 143 F.3d 1134, 1136 (8th Cir. 1998) (citing Steadman v. Securities & Exchange Commission, 450 U.S. 91, 99 (1981)).

Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 401; Jernigan v. Sullivan, 948 F.2d 1070, 1073 n. 5 (8th Cir. 1991). However, the substantial evidence standard presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. "[A]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id.; Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988).

## III.    BURDEN OF PROOF AND SEQUENTIAL EVALUATION PROCESS

An individual claiming disability benefits has the burden of proving she is unable to return to past relevant work by reason of a medically-determinable physical or mental

2

impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). If the plaintiff establishes that she is unable to return to past relevant work because of the disability, the burden of persuasion shifts to the Commissioner to establish that there is some other type of substantial gainful activity in the national economy that the plaintiff can perform. Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000); Brock v. Apfel, 118 F. Supp. 2d 974 (W.D. Mo. 2000).

The Social Security Administration has promulgated detailed regulations setting out a sequential evaluation process to determine whether a claimant is disabled. These regulations are codified at 20 C.F.R. §§ 404.1501, et seq. The five-step sequential evaluation process used by the Commissioner is outlined in 20 C.F.R. § 404.1520 and is summarized as follows:

1. Is the claimant performing substantial gainful activity?

    Yes = not disabled.
    No = go to next step.

2. Does the claimant have a severe impairment or a combination of impairments which significantly limits her ability to do basic work activities?

    No = not disabled.
    Yes = go to next step.

3. Does the impairment meet or equal a listed impairment in Appendix 1?

    Yes = disabled.
    No = go to next step.

4. Does the impairment prevent the claimant from doing past relevant work?

    No = not disabled.
    Yes = go to next step where burden shifts to Commissioner.

5. Does the impairment prevent the claimant from doing any other work?

    Yes = disabled.
    No = not disabled.

## IV. THE RECORD

The record includes testimony from plaintiff at the first and third hearings; from Ann E. Winkler, M.D., a medical expert, at the third hearing; and from Jerry W. Beltramo, D.Min., a vocational expert, at the third hearing. In addition, documentary evidence was admitted at the September 21, 2011 hearing.

### A. ADMINISTRATIVE REPORT

The record includes the following report showing plaintiff's earnings for the years 1984 through 2008:

| Year | Earnings | Year | Earnings |
| --- | --- | --- | --- |
| 1984 | $ 1,224.85 | 1997 | $23,062.97 |
| 1985 | 1,815.30 | 1998 | 23,889.81 |
| 1986 | 1,456.27 | 1999 | 27,002.20 |
| 1987 | 1,667.94 | 2000 | 29,106.14 |
| 1988 | 3,146.13 | 2001 | 26,493.57 |
| 1989 | 3,177.05 | 2002 | 18,931.24 |
| 1990 | 2,937.00 | 2003 | .00 |
| 1991 | 3,512.25 | 2004 | 8,593.82 |
| 1992 | 3,111.12 | 2005 | 19,312.05 |
| 1993 | 4,133.90 | 2006 | 659.61 |
| 1994 | 14,405.18 | 2007 | .00 |
| 1995 | 23,210.10 | 2008 | 704.50 |
| 1996 | 11,132.37 | | |

(Tr. 230).[1]

### B. SUMMARY OF MEDICAL RECORDS

---

[1] Since the earnings queries in the record were created on August 3, 2010 and plaintiff testified that she began her part-time apartment work in October 2010, income from the job is not shown on the earnings

4

As summarized by plaintiff and the Commissioner, the medical record reflects diagnosis and treatment of multiple medical problems.

C.     **SUMMARY OF TESTIMONY**

During the hearings, plaintiff, the medical expert, and the vocational expert testified.

1.     **Plaintiff's Testimony**

Plaintiff testified that she was 46 years old at the time of the March 2011 hearing, has a master's degree in sociology, stands 5'8" tall, and weighs 250 pounds (Tr. 46, 49). Plaintiff reported that she has been working part-time since October 2010 (about 15 minutes an evening, weekdays, and one evening on the weekends) in return for free rent of a one-bedroom apartment, valued at $600.00/month (Tr. 46-47, 72-73).

When questioned as to what prevents her from working full-time, plaintiff responded-"back pain" (Tr. 49). Furthermore, plaintiff reported that her fibromyalgia causes pain in her lower back, hip, knee, foot, wrist, hand, neck, and jaw. As to her jaw pain, plaintiff related that it is aggravated by her fibromyalgia (Tr. 50-52). Plaintiff said that her fibromyalgia impairs her ability to take in information (Tr. 52).

Plaintiff testified that she spends about 20 hours/day in bed. Plaintiff described a limited lifestyle (Tr. 47-48, 50).

2.     **Medical Expert Testimony**

On September 21, 2011, Anne M. Winkler, M.D., a medical expert (Tr. 203-07), testified at the ALJ's request.

Dr. Winkler confirmed the fibromyalgia diagnosis, although she opined that there are psychological factors involved. When questioned as to plaintiff's RFC, the expert opined that plaintiff should be able to do at least light-duty work (Tr. 77-78).

---

records.

### 3. Vocational Expert's Testimony

At the September 21, 2011 hearing, Jerry W. Beltramo, D.Min., a vocational expert (Tr. 202), testified at the request of the ALJ. The expert classified plaintiff's past relevant work as semi-skilled or skilled and sedentary or light (Tr. 81).

The ALJ posed a hypothetical question limited to light work. The hypothetical individual could lift 20 pounds occasionally and 10 pounds frequently; stand and walk a total of six hours a day; and sit a total of six to eight hours a day. Such a person could not be exposed to extremes of heat or cold, wetness, or humidity; could not be exposed to concentrated airborne irritants; could not work at unprotected heights or on ladders, ropes, or scaffolds; and could perform all other posturals on an occasional basis. Furthermore, such individual would be limited to repetitive work without detailed instructions and with a SVP of 2 (Tr. 51-52). While the expert opined that the hypothetical individual could not return to any of plaintiff's past relevant work, the expert was able to identify light unskilled jobs that such an individual could perform including stock checker, retail marker, and router clerk (Tr. 82).

The expert opined that the hypothetical person could not perform the identified jobs if he or she were absent from work more than one day a month; needed to lay down more than one hour during an eight-hour workday; was off-task more than 25% of the time; was unable to perform tasks requiring bilateral manual dexterity; and would require unscheduled breaks during the workday (Tr.82-83).

## V. FINDINGS OF THE ALJ

ALJ George M. Bock entered his opinion on October 11, 2011. The ALJ found that plaintiff has not performed substantial gainful activity since January 18, 2006, the alleged disability onset date, since work activity after that date did not rise to the level of substantial gainful activity (Tr. 22-23). The ALJ found that plaintiff's fibromyalgia, obesity, depression/adjustment disorder, and mild lumbar degenerative disease are severe impairments

but her migraine headaches, pituitary nodule, sleep apnea, insulin resistance, irritable bowel syndrome, and right shoulder tendon tear are non-severe impairments (Tr. 23-24). The ALJ found no impairment that meets or equals the severity requirements of a Listing (Tr. 24-26). The ALJ found that plaintiff retained the RFC to perform less than a full range of light work (Tr. 26-33). The ALJ found that plaintiff was unable to return to her past relevant work (Tr. 33) but could perform other jobs that exist in significant numbers in the national economy (Tr. 33-34). The ALJ concluded that plaintiff is not disabled (Tr. 34).

## VI. CONSIDERATION OF LAY EVIDENCE

Plaintiff argues that the ALJ's decision is completely silent as to reports from Sherry Hicks (plaintiff's mother) and Ralph Hicks (plaintiff's father). In response, the Commissioner argues that the statements prepared by plaintiff's mother and father mirrored plaintiff's testimony, and that the ALJ properly discredited her testimony.

"It is the responsibility of . . . the disability hearing officer (DHO), the administrative law judge (ALJ), or the Appeals Council (AC) member to identify the pertinent evidence from medical and nonmedical reports and to make findings as to the individual's ability to perform work-related activities (RFC). . . . To arrive at an overall assessment of mental impairment, relevant, reliable, information, obtained from third party sources such as social workers, previous employers, family members, and staff members of halfway house, mental health centers, and community centers, may be valuable in assessing an individual's level of activity of daily living . . . . Descriptions and observations of the individual's restrictions by medical and other sources (including Social Security Administration representatives, such as district office representatives and ALJs), in addition to those made during formal medical examinations, must also be considered in the determination of RFC." SSR 85-16.

The ALJ is obligated to consider third party information and observations. 20 C.F.R. §§ 404.1513(d)(4).

7

Substantial evidence on the record as a whole requires taking into consideration evidence that both supports and detracts from the ALJ's decision. Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). Universal Camera v. NLRB, 340 U.S. 474, 488 (1951).

"Substantial evidence is less than a preponderance but is enough for a reasonable mind to find it adequate to support the Commissioner's conclusion." Craig, 212 F. 3d at 436.

The ALJ must take into account any evidence that fairly detracts from the evidence that may support his finding of fact. Cline v. Sullivan, 939 F. 2d 560, 564 (8th Cir. 1991); Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir. 1990); Fowler v. Bowen, 866 F.2d 249, 252 (8th Cir. 1989).

Evidence from non-medical sources is to be evaluated using factors such as the nature and extent of the relationship to the plaintiff and whether the evidence is consistent with other evidence of record. SSR 06-03p.

Here, on August 31, 2010, plaintiff's father and mother completed *Daily Activities Questionnaire* forms (Tr. 337-40, 341-44). Both described a very restricted lifestyle in which their daughter spends most of her time sleeping - day and night. Both parents stated that plaintiff performs minimal activities, rarely leaves home, and is socially inactive.

The ALJ's decision is silent about these third-party statements.

The ALJ discussed plaintiff's daily activities and social functioning at several points in his decision; and at step three, found that plaintiff has only a mild restriction of activities in daily living and no difficulties with social functioning. Furthermore, the ALJ cited plaintiff's daily activities when evaluating plaintiff's credibility, and gave little weight to several treating medical sources' opinions because those opinions were inconsistent with plaintiff's daily activities.

The parent's statements support plaintiff's allegations that she spends most of her time in bed, support plaintiff's allegations of a restricted lifestyle, and support plaintiff's allegations

of constricted social interaction. Similarly, the statements support the treating sources' functional and work-related limitations. Finally, in a convoluted manner, the statements raise questions about the ALJ's determination that plaintiff is non-compliant with treatment, because both plaintiff and her treating sources reported that the appointments were missed when plaintiff could not get out of bed.

Because these two reports support plaintiff's testimony and the medical source opinions, I am sending the case back to the ALJ to specifically consider this evidence and determine what, if any, effect it has on his decision.

## VII. CONCLUSIONS

Based on all of the above, I find that the substantial evidence in the record as a whole does not support the ALJ's decision finding plaintiff not disabled. Therefore, it is

ORDERED that plaintiff's motion for summary judgment is granted. It is further

ORDERED that the decision of the Commissioner is REVERSED and this case is REMANDED pursuant to 42 U.S.C. Section 405(g), sentence four, so the ALJ may consider the weight to be given the lay sources.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

March 10, 2014
Kansas City, Missouri